**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES DEMICHER,

    Plaintiff,

vs.

                                    Case No. 3:18-cv-1065-J-34MCR

THE LYON CONDOMINIUM
ASSOCIATION, INC., DON H. NGUYEN,
and DHN ATTORNEYS PA,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion, Injunction & Temporary Restraining Order with Memorandum in Support (Doc. 4; Motion), filed on September 10, 2018. Plaintiff initiated this case on August 31, 2018, see Complaint (Doc. 1), and filed an Amended Complaint (Doc. 3) on September 5, 2018. Neither the Motion, nor the Amended Complaint are a model of clarity. Nevertheless, the Court has endeavored to discern Plaintiff's claims. Regardless of how liberally the Court construes the Amended Complaint and the Motion, Plaintiff's claims appear to be based primarily upon his dissatisfaction with the outcome of foreclosure proceedings to which he has been a party. See Amended Complaint at 8-9; Motion, Ex. 2; see also Lyon Condo. Ass'n, Inc. v. Demicher, Case No. CA15-622, Dkt. Entry 101 (Fla. Cir. Ct. Aug. 18, 2016) (Final Judgment of Foreclosure) aff'd, Case No. 5D16-3182 (Fla. 5th Dist. Ct. App. June 5, 2018). In the Motion, Plaintiff requests that the Court "dismiss and/or stay" the foreclosure sale scheduled for September 13, 2018, on Plaintiff's "homestead and domicile property: 210 St. George Street, Unite 21, St. Augustine, Florida 32084 . . . ." See Motion at 4; see also

Lyon Condo. Ass'n, Inc., Case. No. CA15-622, Dkt. Entry 210 (Fla. Cir. Ct. Aug. 9, 2018) (Order Rescheduling Foreclosure Sale). Plaintiff maintains that a stay is necessary so that this Court may "review the Fraud in the Court[,] obstruction of justice, misconduct, misrepresentation, civil rights, mail and communications fraud and other violations," that purportedly occurred in the state court foreclosure action. See Motion at 4. Plaintiff contends that his "homestead and domicile would experience and incur immediate and irreparable injury, loss, and extreme harm before the Defendant [sic] can be heard in opposition." Id. Upon review, the Motion is due to be denied.

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order. Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . describe precisely the conduct sought to be enjoined." Moreover, Local

Rule 4.05(b)(4) provides that the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Upon review, the Court finds that the Motion fails to comply with the Local Rules. Significantly, although the Motion include a "Memorandum in Support," Plaintiff does not address his likelihood of success on the merits, the potential harm to Defendants, or the public interest, and he fails to cite any legal authority in support of his request for injunctive relief. <u>See</u> Local Rule 4.05(b)(4). In addition, Plaintiff does not include "facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)." <u>See</u> Local Rule 4.05(b)(3)(ii).

Moreover, upon review of the Motion and Amended Complaint, the Court finds that Plaintiff fails to establish a substantial likelihood that he will succeed on the merits of his request for injunctive relief. Plaintiff asks the Court to dismiss or stay the foreclosure sale scheduled by the state court for September 13, 2018. <u>See</u> Motion at 4. In both the Motion and the Amended Complaint, Plaintiff appears to rely on Rules 60 and 62 of the Federal Rules of Civil Procedure (Rule(s)) as the basis for his requested relief. <u>See</u> Motion at 2; Amended Complaint at 2. Plaintiff is correct that Rule 60 governs motions to set aside final judgments or orders, and Rule 62 permits the Court to stay the enforcement of a judgment in certain circumstances. However, these Rules do not provide the Court with the authority to stay or set aside a judgment entered by <u>another court</u>, regardless of whether the judgment was obtained by fraud. Indeed, to the extent Plaintiff is asking this Court to review, overturn, or interfere with a state court judgment, this Court likely lacks subject

matter jurisdiction over this claim under Rooker-Feldman.[1]  "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 677 (11th Cir. 2014) ("Insofar as the [Plaintiff] seeks to have [his foreclosure] judgment declared null and void by the district court sitting in diversity, such claim is barred by the Rooker-Feldman doctrine."); Bedasee v. Fremont Inv. & Loan Co., __ F. App'x __, 2018 WL 3342286, at *2 (11th Cir. July 9, 2018) ("Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject[]' the state foreclosure judgment: an action that is exactly what the Rooker-Feldman doctrine prohibits.").

Alternatively, if Plaintiff's claim is construed as requesting that this Court interfere with ongoing state court foreclosure proceedings, the Younger[2] abstention doctrine applies.  The Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989).  The Younger abstention doctrine is applicable to both criminal proceedings and to non-criminal proceedings when important state interests are involved.  Middlesex County Ethics Comm.

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] See Younger v. Harris, 401 U.S. 37 (1971).

4

v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citing Middlesex County Ethics Comm., 457 U.S. at 432); see also Dixon v. Haworth, No. 8:09-cv-1017-T-30EAJ, 2009 WL 4730546, at *1 (M.D. Fla. Dec. 4, 2009). If indeed the state proceeding is ongoing, these elements are all satisfied here. See Doscher v. Menifee Circuit Court, 75 F. App'x 996 (6th Cir. 2003) (holding that Younger abstention applied to debtor's civil rights action alleging state court violated his rights during foreclosure proceeding, where foreclosure action was pending in state court, proceeding involved matter of state interest, and debtor had adequate opportunity to raise his challenges to proceedings; debtor made clear that he wanted district court to review the state court foreclosure action); McKinnon v. Wells Fargo Bank, N.A., No. 6:10-cv-325-Orl-28DAB, 2010 WL 731801, at *1 (M.D. Fla. March 1, 2010) (finding that Younger abstention elements satisfied where ongoing state foreclosure proceedings "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims"); Dixon, 2009 WL 4730546, at * 1 (explaining that plaintiffs "have the opportunity to raise their constitutional and evidentiary claims in the foreclosure actions, and appeal any rulings deemed improper").

Accordingly, because it appears that under either the Rooker-Feldman doctrine or the Younger abstention doctrine, the Court would not have subject matter jurisdiction to

consider the claims for injunctive relief raised in this case, Plaintiff has failed to show that he has a substantial likelihood of succeeding on the merits of those claims. For all of these reasons, the Court finds that Plaintiff's Motion is due to be denied. See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011). In light of the foregoing, it is

**ORDERED**:

Plaintiff's Emergency Motion, Injunction & Temporary Restraining Order with Memorandum in Support (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 11th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties