**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES DEMICHER,

     Plaintiff,

vs.
                                   Case No. 3:18-cv-1065-J-34MCR

THE LYON CONDOMINIUM
ASSOCIATION, INC., DON H. NGUYEN,
and DHN ATTORNEYS PA,

     Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. 11; Motion) filed on October 1, 2018. In the Motion, Defendants assert that this case should be dismissed because the Court lacks subject matter jurisdiction. See generally Motion. Plaintiff has filed a response in opposition to the Motion. See Plaintiff's Reply to Answer on Defendant Don H. Nguyen's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. 17; Response) filed on November 5, 2018. For the reasons set forth below, the Court finds that the Motion is due to be granted.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is

obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). If at any time the Court determines it lacks subject-matter jurisdiction, "the court must dismiss the action." See Rule 12(h)(3), Federal Rules of Civil Procedure (Rule(s)).

Plaintiff initiated this action on August 31, 2018, see Complaint (Doc. 1), and filed an Amended Complaint (Doc. 3) on September 5, 2018. As noted in this Court's Order (Doc. 7) entered on September 11, 2018, Plaintiff's claims relate to his dissatisfaction with a Final Judgment of Foreclosure entered in state court, and Plaintiff is requesting that this Court review, overturn or interfere with that judgment. However, pursuant to the Rooker-Feldman[1] doctrine, the Court lacks subject matter jurisdiction over such a request. "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482); Bedasee v. Fremont Inv. & Loan Co., 741 F. App'x 642, 644 (11th Cir. 2018) ("Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject[]' the state foreclosure judgment: an action that is exactly what the Rooker-Feldman doctrine prohibits.").

Alternatively, if Plaintiff's claim is construed as requesting that this Court interfere with ongoing state court foreclosure proceedings, the Younger[2] abstention doctrine applies. The Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). The Younger

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
[2] See Younger v. Harris, 401 U.S. 37 (1971).

abstention doctrine is applicable to both criminal proceedings and to non-criminal proceedings when important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citing Middlesex County Ethics Comm., 457 U.S. at 432); see also Dixon v. Haworth, No. 8:09-cv-1017-T-30EAJ, 2009 WL 4730546, at *1 (M.D. Fla. Dec. 4, 2009). If indeed the state proceeding is ongoing, these elements are all satisfied here. See Doscher v. Menifee Circuit Court, 75 F. App'x 996 (6th Cir. 2003) (holding that Younger abstention applied to debtor's civil rights action alleging state court violated his rights during foreclosure proceeding, where foreclosure action was pending in state court, proceeding involved matter of state interest, and debtor had adequate opportunity to raise his challenges to proceedings; debtor made clear that he wanted district court to review the state court foreclosure action); McKinnon v. Wells Fargo Bank, N.A., No. 6:10-cv-325-Orl-28DAB, 2010 WL 731801, at *1 (M.D. Fla. March 1, 2010) (finding that Younger abstention elements satisfied where ongoing state foreclosure proceedings "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims"); Dixon, 2009 WL 4730546, at * 1 (explaining that plaintiffs "have the opportunity to raise their constitutional and evidentiary claims in the foreclosure actions, and appeal any rulings deemed improper").

Upon review of the Amended Complaint, it is apparent that Plaintiff is asking this Court to interfere with a state court judgment. Because the Court lacks subject matter jurisdiction over this request, the Court determines that this action is due to be dismissed.

In light of the foregoing, it is

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law (Doc. 11) is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE.**

3. The Clerk of the Court is directed to terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of March, 2019.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties